*Law Library*

# IN THE SUPERIOR COURT OF GUAM

KEITH DANIEL VIALL,

        Plaintiff,

    v.

CYNTHIA SUE VIALL,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

DOMESTIC CASE NO. DM0806-07

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 12th day of December, 2011, the 20th day of January, 2012, and the 2nd day of March, 2012, for evidentiary hearings on the issues of the grounds for divorce, the Defendant's entitlement to a portion of the Plaintiff's retirement benefits and the proper division of the parties' assets and debts. Attorney Thomas J. Fisher represented the Plaintiff, and Attorney Joaquin C. Arriola, Jr., represented the Defendant. The Court now issues the following Findings of Fact and Conclusions of Law on the matter presented.

## FINDINGS OF FACT

After hearing testimony from the parties, and considering all of the evidence filed in the case concerning these issues, the Court finds the following facts were established by a preponderance of the evidence.

1.   The Plaintiff appeared in this action by filing a verified Complaint for Divorce on November 28, 2007.  The Defendant appeared by filing her verified Answer and Counterclaim for Divorce on March 4, 2008.

2.   The Plaintiff and Defendant were married on February 19, 1990, and they continued to be husband and wife from that date until the date of their separation.

3.   The parties separated on December 5, 2007, and remained separated after that date. The marriage lasted approximately sixteen and five sixths (16 and 5/6) years until separation.

4.   Dissolution has not yet been granted.  Plaintiff requests that dissolution be granted on the basis of irreconcilable differences.  Defendant requests that dissolution be granted on the basis of adultery.

5.   There are three minor children of the marriage, T.C.V., presently approximately age fourteen (14), R.V., presently approximately age eleven (11), and S.M.V., presently approximately age ten (10).  Since December 5, 2007, the Defendant and minor children have been residents of the State of Washington.

6.   Both parties testified that it would be in the best interests of the children to be physically placed with the Defendant in the State of Washington, with reasonable visitation awarded to the Plaintiff.

7.   The Defendant has maintained different occupations as a wage earner at various jobs before the marriage, during the marriage and since separation, including approximately ten years of employment at the Department of Defense.  However, the Court has no evidence of the timing of the duration of this ten year employment span, i.e., whether this employment occurred during the marriage or prior to the marriage.  She currently earns $8.25 per hour as a teaching assistant, although her hours vary each month.  Evidence was presented that her hours vary between twelve hours per month and sixty-three hours per month.

8. The house and lot at 110 Chalan Tasi, Pago Bay, Guam, was purchased by the parties in 2006, during the parties' marriage at a purchase price of $375,000.00. The current assessed value of the lot and house together is $340,000.00.

9. The Defendant holds or held a 401(k) plan earned during her employment with the Department of Defense. She withdrew $53,000.00 from this plan, which was used as the down payment purchase money and closing costs for the purchase of the house at 110 Chalan Tasi, Pago Bay, Guam. No testimony was provided concerning the total amount of funds in the plan, nor whether any part of the fund was earned during the marriage, nor whether the Defendant withdrew the entire amount of the plan, and no longer holds the plan, or whether an amount remains in the plan, and she still holds it.

10. The Plaintiff began active duty with the U.S. Navy in December of 1988. Beginning at that time, the Plaintiff began earning credit toward retirement benefits. The Plaintiff accrued twenty one and one third (21 and 1/3) years of eligibility towards retirement, thus entitling him to benefits. He was married to the Defendant for sixteen and five sixths (16 and 5/6) years of these contributing years.

11. Since 2011, the Plaintiff has been retired, and has been receiving benefits, but testified that he has also been employed with the Naval Undersea Warfare Center of the Department of Defense, earning $5012.00 gross pay per month. The Plaintiff testified he receives $2254.00 gross per month in retirement benefits. He also currently receives rental income of $3,000.00 per month from the rental of 110 Chalan Tasi, Pago Bay, Guam.

12. The parties provided evidence of two marital settlement agreements, executed by both parties after separation, consisting of the Settlement Agreement for Separation, Division of Property, Child Custody and Support of December 21, 2007, and the Divorce Settlement Agreement of September 3, 2010. The Divorce Settlement Agreement of September 3, 2010,

was drafted by the Defendant herself, without the assistance of an attorney, despite the fact that she was represented by counsel at the time.

12.     The parties provided evidence as to the existence of the following property, which is disputed as divisible under the Divorce Settlement Agreement of September 3, 2010:

a)      Community interest in Plaintiff's retirement;

b)      Community interest in the house at 110 Chalan Tasi, Pago Bay, Guam, purchased by the parties during the marriage;

c)      1987 Acura Legend vehicle;

d)      1995 Four Winns boat and trailer;

e)      1969 Camaro vehicle;

f)      Kawasaki 50cc vehicle;

g)      2003 Kawasaki 65cc vehicle;

h)      2005 Kawasaki 65cc vehicle;

i)      Kawasaki 65cc vehicle;

j)      Yamaha 250cc vehicle;

k)      2004 Ford F150 vechicle;

l)      2007 Harley Davidson vehicle;

m)     1998 Mustang Cobra vehicle;

n)      2002 Dodge Neon vehicle;

o)      Utility trailer;

p)      Household furnishings and appliances.

13.     The parties provided no evidence as to the existence of any undisputed community property. All property alleged to be community property is disputed as divisible in this case, pursuant to the Divorce Settlement Agreement of September 3, 2010. However, there

is also evidence of the existence of Defendant's 401(k) plan, which may or may not be community property, but cannot yet be determined, based on the evidence submitted.

14. The parties provided evidence as to the existence of the following community debts which are expressly listed in the Settlement Agreement for Separation, Division of Property, Child Custody and Support of December 21, 2007, and the Divorce Settlement Agreement of September 3, 2010:

a) taxes due to the IRS of $9600.00;

b) Navy Fed Visa card, balance of $19,700.00;

c) USAA Master card, balance of $13,116.00;

d) loan relating to 2004 Ford F150 vehicle, balance of $21,100.00;

e) loan relating to 2007 Harley Davidson vehicle, balance of $22,145.00;

f) loan relating to 1998 Mustang Cobra vehicle, balance of $8,225.00;

g) loan relating to 2002 Dodge Neon vehicle, balance of $2,147.00; and

h) loan relating to 2005 Kawasaki 65cc vehicle, balance of $622.00.

15. The parties provided evidence as to the existence of the following community debts which are not expressly listed in the Settlement Agreement for Separation, Division of Property, Child Custody and Support of December 21, 2007, or the Divorce Settlement Agreement of September 3, 2010:

a) A loan relating to the house and lot at 110 Chalan Tasi, Pago Bay, Guam.

16. Plaintiff testified that the amount owing on the loan relating to the home built on 110 Chalan Tasi, Pago Bay, Guam, is estimated to be $318,000.00, as of January of 2012, however, no documentation of this loan was provided to the Court in order for the Court to determine the amount owing on this loan at the time of separation.

17. All findings of fact may be interpreted as conclusions of law and *vice versa*.

## CONCLUSIONS OF LAW

I.)     Grounds for Dissolution

The Court has personal and subject matter jurisdiction over these issues, and the parties pursuant to 19 GCA §§ 8318 and 8319. As the Court finds no convincing evidence of adultery as defined under 19 GCA § 8204, i.e., sexual intercourse with a person other than a spouse, the Court grants the parties a divorce under 19 GCA §§ 8203(g) and 8319 on the grounds of irreconcilable differences.

II.)     Child Custody, Visitation and Incidentals

The Court determines that it is in the best interests of the children that they all remain with the Defendant for primary physical placement, but awards joint legal custody of all children to both Plaintiff and Defendant. The Court awards reasonable visitation to the Plaintiff. Plaintiff will continue to pay child support as ordered. Plaintiff and Defendant will claim the children for purposes of tax deductions in alternate years beginning with tax year 2012 to the Defendant. In those years when the Defendant claims the children for tax purposes, the Plaintiff will not, and *vice versa*. Health insurance for the children will be provided by the Plaintiff, and the Plaintiff will maintain and renew base privilege cards for the Defendant and the children.

III.)     Division of the Assets and Debts of the Parties

In this matter, Defendant is seeking a community division of community assets including the former marital home, retirement benefits, and rental income. However, there is evidence of two marital settlement agreements duly executed by the Defendant which may or may not affect this division.

"A husband and wife 'may enter into any engagement or transaction with the other' respecting property, subject 'to the general rules which control the actions of persons occupying

confidential relations with each other'." Blas v. Cruz, 2009 Guam 12 ¶ 21 (quoting 19 GCA § 6111(a) (2005)). "Although a husband and wife generally cannot contract to 'alter their legal relations,'" they may consensually alter their relations with respect to property by contract. Id. (quoting 19 GCA § 6111(b)).

"A contract is an agreement to do or not to do a certain thing." 18 GCA § 85101 (2012). The elements of a contract on Guam are: 1) parties capable of contracting; 2) consent of the parties; 3) a lawful object; and 4) sufficient consideration. 18 GCA § 85102 (2012); see also Blas v. Cruz, 2009 Guam 12 ¶ 18. In order to form a valid contract, it is also essential that the parties be identifiable. 18 GCA § 85203 (2012). Additionally, all contracts between husband and wife of which the subject matter is their separate or community property must be in writing and executed and acknowledged or approved in like manner as a grant of land is required to be executed and acknowledged or approved. 19 GCA § 6112 (a).

The Supreme Court of Guam recently held that a trial court generally does not have jurisdiction to modify a settlement agreement reached by the parties and incorporated into a divorce decree when the settlement agreement concerns the division of property. Lujan v. Lujan, 2012 Guam 7 ¶ 23. However, "the court retains the authority to modify the decree as to spousal support." Id. Under 19 GCA § 8405:

> When a dissolution of marriage is granted, the tribunal shall . . .make such suitable allowance to the other spouse for that person's support, during that person's life, or for a shorter period, as the Court may deem just, having regard to the circumstances of the parties respectively; and the Court may from time to time, modify its order in these respects.

19 GCA § 8405 (2012).

It appears that in the instant case the community property was likely divided by settlement agreement. However, it further appears that the provision for support and

maintenance, as it is set forth in the Settlement Agreement of December 21, 2007, is separable from the provisions having to do with the property division and lump sum payment, as contained in the Settlement Agreement of September 3, 2010. The agreements do not constitute an "integrated bargain," and therefore, the spousal support award is likely severable from the division of the parties' property. Lujan, 2012 Guam 7 ¶ 23; *see also* Adams v. Adams, 177 P.2d 265, 267 (Cal. 1947). However, this case is distinguishable from the Lujan case recently decided by the Supreme Court of Guam, as this Court has not yet determined the validity of these agreements, nor determined that it will incorporate these agreements into the decree of dissolution to be rendered.

Under 19 GCA §8411(b), the Court is required to strive to divide the community property equally and fairly between the parties pursuant to Sinlao v. Sinlao, 2005 Guam 24 ¶ 23. In the Sinlao case the Supreme Court of Guam specifically rejected the "mathematically equal" standard used by the California courts. Id. Instead, the court determined that under 19 GCA §8411, the trial courts should strive for approximate mathematically equal awards when possible, but should be afforded broad discretion to determine an equitable apportionment of interests and support with due regard for the particular facts of each case and the interests of justice. Id.

II.) Retirement Benefits

Defendant requests that the Court order that the Plaintiff's retirement benefits be divided between the parties as a community asset. The right to retirement is a property interest that allows one to "draw from a stream of income that begins to flow, and is defined, on retirement." Lehman v. Lehman, 18 Cal.4th 169, 183 (Sup. Ct. Cal. 1998). The Superior Court of Guam has jurisdiction to divide community property, including retirement benefits, upon the dissolution of

marriage. Hart v. Hart, 2008 Guam 11, ¶¶ 17, 26; 7 GCA §§ 3105 and 4101 (2012); and 19 GCA § 8411. A party is entitled to begin receiving these divided retirement benefits when the benefits reach full maturation, i.e., when they are disbursed, and as enhanced by additional years of service and promotion. Hart, 2008 Guam 11, ¶¶35–37; and Lehman v. Lehman, 18 Cal.4th 169, 183 (Sup. Ct. Cal. 1998).

In the present case, the Plaintiff retired in 2011, and has been receiving disbursements of his retirement benefits since that time. Defendant requests that the Court order that the Plaintiff's government of Guam retirement benefits be divided between the parties. The Plaintiff argues that he should not be required to divide his retirement benefits, as the Defendant waived all rights to any community property in the settlement agreement of September 3, 2010. 19 GCA §§ 6101, governing community property states:

> (c) For purposes of dividing property between the spouses in a proceeding for dissolution of marriage, community property includes all real or personal property owned by a married person domiciled in Guam, wherever situated and whenever acquired: . . . (2) any property acquired in exchange for property which would have been community property if the spouse acquiring it had been domiciled in Guam at the time of acquisition. . . .(g) The respective interests of the husband and wife in community property during continuance of the marriage relation are present, existing and equal interests. This subsection shall be construed as defining the respective interests and rights of husband and wife in community property.

19 GCA §§ 6101(c) and (g) (2012)(emphasis added).

Community property encompasses the right to retirement benefits accrued by an employee spouse as deferred compensation for services rendered when community assets are contributed to the retirement fund. 19 GCA § 6101(g). This is because those retirement benefits include community assets which are placed in the retirement fund, rather than made

available for immediate expenditure by the community, so that those community assets may earn interest and increase over time for future availability.

10 U.S.C. § 1408(d)(2), which particularly specifies that the length of the benefits earned must correspond with the length of the marriage, states, "[i]f the spouse or former spouse to whom payments are to be made under this section was not married to the member for a period of 10 years or more during which the member performed at least 10 years of service creditable in determining the member's eligibility for retired pay, payments may not be made . . . ." 10 U.S.C. § 1408(d)(2). Guam has chosen to be a community property jurisdiction. Earnings and other compensation received by spouses are community property. 19 GCA §§ 6101(c) and (g).

Accordingly, if the Defendant had not signed an agreement waiving any interest in all community property, a percentage of the Plaintiff's retirement funds would have been divisible community property, as the Court finds that the marriage lasted more than ten (10) years, and more than ten (10) years of retirement benefits were earned during the marriage.

Generally, Guam courts use the apportionment method of dividing retirement benefits, when the benefits contain both separate and community interests. Hart, 2008 Guam 11 ¶ 38. However, the Superior Court of Guam has the discretion to choose which apportionment method is appropriate for the situation, so long as the outcome is not manifestly unjust, and the Court arrives "at a result that is 'reasonable and fairly representative of the relative contributions of the community and separate estates.'" Id., at ¶ 41(quoting In re Marriage of Poppe, 97 Cal. App. 3d. 1, 11 (Cal. Ct. App. 1979))(internal citation omitted).

In this case, the benefits have reached maturation, as the Plaintiff has already retired and is receiving his retirement benefits. In such cases where the retirement benefits have vested and

are disbursed, and the marriage is thereafter subject to dissolution, a party is entitled to immediate division of the retirement benefits. Hart, 2008 Guam 11 ¶¶ 35–37.

The Supreme Court of Guam has affirmed that the proper method for determining the division of retirement benefits is an apportionment equation placing the length of the marriage during which the party earned retirement benefits in the numerator, the total length of the party's retirement service in the denominator, and the party's total final retirement pay as the multiplier. Hart, 2008 Guam 11, ¶¶ 19, 28–31 (citing Sablan v. Sablan, 1979 WL 15117 at *12 (D. Guam App. Div. Feb. 15, 1979); and In re Marriage of Fithian, 517 P.2d 449 (Cal.1974)).

The Court would calculate these benefits as of the date of separation, December 5, 2007. As the Plaintiff is now receiving his vested retirement benefit, the Court finds that the Defendant's monthly share of the Plaintiff's retirement benefits would have been half of sixteen years and 5/6 months, or 202 months, divided by twenty one years and four months, or 256, multiplied by the Plaintiff's monthly benefits, or $(202/256)(\$2254.00)/\ 2 = (.789)(\$2254.00)/2 = .394$, or 39.4% x $2254.00 = $888.07, if no waiver under the Settlement Agreement of September 3, 2010 is found.

However, the Court was provided with testimony that the Defendant also earned retirement benefits in the form of a 401(k) plan, for ten (10) years of service with the Department of Defense. The Defendant testified that she withdrew approximately $53,000.00 from this 401(k) plan, which was then used as a down payment on the house purchased in Guam. Under 19 GCA § 6101: "(a) Separate property means: (1) property acquired by either spouse before marriage or after entry of a decree of dissolution of marriage." Property is classified as separate or community based upon when it is acquired. 19 GCA § 6101; In re Marriage of Moore, 28 Cal.3d 366, 370 (Sup.Ct.Cal.1980); Fisher v. Fisher, 383 P.2d 840,

842–43 (Id.Sup.Ct.1963); Hollingsworth v. Hicks, 258 P.2d 724, 729–30 (N.M.Sup.Ct.1953); Lawson v. Ridgeway, 233 P.2d 459, 464 (Ariz.Sup.Ct.1951); Smith v. Smith, 685 So.2d 649, 651–52 (La.Ct.App.1st Cir.1996); In re Marriage of Harrington, 935 P.2d 1357, 1365 (Wash.App.Div.1 1997); and Scott v. Estate of Scott, 973 S.W.2d 694, 695–96 (Tex.App.El Paso 1998).

Plaintiff has never waived any possible community interest in the Defendant's retirement 401(k) plan. In fact, the Settlement Agreement of September 3, 2010, may award an amount to the Plaintiff, if it is determined to constitute community property. However, the Court has no testimony or evidence concerning whether these benefits were earned during the marriage of the parties, such that it would constitute either separate or community property, and no testimony or evidence was provided regarding whether $53,000.00 constitutes the full amount of the plan and the entirety of the fund was withdrawn, or whether there is an amount remaining in the plan. This information is crucial in determining the nature of the property, and in determining whether the Defendant may be entitled to reimbursement from the Plaintiff, or whether the Plaintiff may be entitled to some sum from the Defendant. In short, the Court is lacking sufficient information regarding a major asset, in order to make a determination as to the proper division of all marital assets and an award of support.

III.)    The Court Declines Judgment Under GRCP Rule 52(c)

Under 19 GCA §8411(b) and Sinlao v. Sinlao, 2005 Guam 24 ¶ 23, the Court is required to strive for fairness and equity between the parties whenever possible. In this case, the Court was presented with evidence of the existence of community property; possible separate property; and possible community interests in separate property, along with the obligation to

attempt to equalize the division of that property, taking into account other factors such as spousal support and the distribution of income between the parties.

In this case, there are two retirement funds owned by the parties. These two funds are obviously two of the most important assets of the marriage, therefore, before the Court can even begin to determine any division of the community assets and interests and awards of support, the Court must have sufficient information concerning the fund which is in Defendant's name.

The Supreme Court of Guam has determined that it is not the burden of the trial court to find or show valuation, that burden lies with the parties. Navarro v. Navarro, 2000 Guam 31 ¶ 9. As aptly stated by the Supreme Court of Guam, "[one party]" bore the burden of establishing the value of community property at trial, where he failed to provide or contest valuation, the trial court was well within its discretion to accept the values provided by [the opposing party]." Id., at ¶ 11. Unfortunately for the Court, neither party has produced any evidence regarding the nature, source, or total value of the Defendant's 401(k) plan.

Rule 52(c) of the Guam Rules of Civil Procedure states in relevant part, "the court may decline to render any judgment until the close of all the evidence." This rule specifically allows the court to make partial findings and reserve decision and judgment whenever there is a failure of proof as to the issues necessary to determine the facts and law. In this case, the Court finds that no decision can be rendered on the merits of the issue of support and the division of all the community assets and interests because of the failure to provide necessary evidence on the part of both parties. Therefore, the Court declines to render any findings of fact or conclusions of law as to the entirety of all assets and debts and support issues, as permitted under Rule 52(c). In order to expeditiously and fully adjudicate the issues, the Court orders the parties to submit the following information in writing to the Court:

1) the current value of Defendant's 401(k) plan, if still in existence; and

2) the dates on which the Defendant began and ended earning funds toward her 401(k) plan, and the amounts earned prior to the marriage, if any.

## CONCLUSION

The Court ORDERS the parties to submit evidence as to the evidence enumerated above under Rule 52(c), in order to allow the Court to properly divide the possible separate property, community property and community interests, and award spousal support, because the Court cannot determine all of the issues based on the evidence submitted at trial. These items shall be submitted in admissible form in writing by both parties to the Court on or before **August 20, 2012**. The Court shall hold a hearing on these issues on **September 19 2012 at 10:00 am**, and the Court shall take the matter under advisement under GRCP Rule 52 on that date.

**IT IS SO ORDERED** this ___JUN 2 9 2012_____.


_____
HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I hereby certify that the foregoing
is a true and correct copy of the
original on file in this office.

JUN 2 9 20

Valerie P. Sanorio
Deputy Clerk, Superior Court of Guam